IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CORY LANCELIN SMITH,**<br><br>Petitioner,<br><br>v.<br><br>**A. HEDGPETH, Warden, et al.,**<br><br>Respondents. | 07cv1339 H (PCL)<br><br>**ORDER DENYING PETITIONER'S REQUEST FOR AN EVIDENTIARY HEARING** |

**I. INTRODUCTION**

On June 6, 2008, Respondents entered a motion to dismiss, (Doc. No. 24), Petitioner's amended petition for writ of habeas corpus because it presented two unexhausted claims. Now before this Court Petitioner requests an evidentiary hearing to determine whether claims presented in his petition for habeas corpus relief were in fact exhausted. (Doc. No. 28.)

**II. BACKGROUND**

On July 23, 2007, Petitioner filed a petition for writ of habeas corpus with the Court. In his petition for habeas relief, Petitioner presented three claims he had evidently exhausted at the state court level, and one claim that Respondents claim is unexhausted. The allegedly unexhausted claim the Court construes as two distinct claims: 1) a claim for ineffective assistance of counsel and 2) a claim that the superior court abused sentencing discretion. (Doc. No. 1 at 9.) On July 31, 2007, the Court filed an order notifying Petitioner that his petition was

1  subject to dismissal for presenting both exhausted and unexhausted claims; the Court then
2  presented Petitioner with four options to avoid complete dismissal, including an option to
3  voluntarily vacate his unexhausted claim. On July 31, 2007, Petitioner filed an amended petition
4  for writ of habeas corpus excluding the unexhausted claims. (Doc. No. 5.) On November 19,
5  2007, Petitioner filed a petition for a writ of habeas corpus in the United States Court of Appeals
6  for the Ninth Circuit bearing the unexhausted claims he abandoned in his petition to the Southern
7  District of California. (Doc. No. 28 at 13.) Pursuant to Federal Rule of Appellate Procedure
8  22(a), the Ninth Circuit transferred Petitioner's writ to the United States District Court, Eastern
9  District of California. (Doc. No. 28 at 8.) However, because Petitioner was challenging
10 convictions in San Diego County, the appropriate court to hear his claim was the United States
11 District Court, Southern District of California. On February 19, 2008, the petition was
12 transferred to the Southern District of California. (Doc. No. 28 at 10.) On March 28, 2008,
13 pursuant to Federal Rule of Civil Procedure 42, the second petition was consolidated with the
14 prior petition for a writ of habeas corpus. (Doc. No. 15.)

15   In short, Petitioner's original petition with the allegedly unexhausted claims is back before
16 the court. Petitioner requests an evidentiary hearing to show that he did in fact exhaust the claims
17 contained within his habeas petition. (Doc. No. 1 at 1-4.)

### III. ANALYSIS

19   Petitioner argues that he exhausted his claims when he presented his petition for habeas
20 relief to the Ninth Circuit Court of Appeals. (See id. at 2-4.) Furthermore, Petitioner contends
21 that his claims appear unexhausted because Respondents, among other illegal acts, doctored
22 court documents by altering times, dates, and official stamps. (Id. at 1, 3.) Petitioner continues
23 that Respondents manipulated court documents and committed mail fraud in order to obtain a
24 "faulty dismissal" of Petitioner's habeas corpus petition. (Id.) Petitioner now requests an
25 evidentiary hearing to substantiate the foregoing claims.

26   There is no per se requirement for an evidentiary hearing whenever a petitioner makes out a
27 claim of cause. Turner v. Calderon, 281 F.3d 851, 890 (9th Cir. 2002) (quoting Babbitt v.
28 Calderon, 151 F.3d 1170, 1171 (9th Cir. 1998)). Rather, if the record refutes the petitioner's

1 factual allegations, a federal habeas court is not required to hold an evidentiary hearing. <u>Schriro v. Landrigan</u>, --- U.S. ----, ----, 127 S.Ct. 1933, 1940 (2007); <u>Totten v. Merkle</u>, 137 F.3d 1172, 1175-1176 (9th Cir. 1998).

Here, Petitioner's arguments are weak or misguided. First, up to this point, Petitioner has not objected to the use of the court documents he now decries, nor has he made any previous claims that documents were falsified or altered. To the contrary, Petitioner has submitted and relied upon the documents in question in support of his case. (Doc. No. 28.) In determining whether a claim has been exhausted, Petitioner has the burden of proving claims have been exhausted by clear and convincing evidence. <u>See</u> 28 U.S.C.A. § 2254. If Petitioner had the proper documents evincing exhaustion, it was his responsibility to submit them to the court; Petitioner has taken no such action.

Second, Petitioner argues that he exhausted his claim at the state level; however, the gravamen of his argument is that he exhausted his claim at the state level by submitting his petition for habeas relief to the Ninth Circuit Court of Appeals – a *federal* court. (Doc. No. 1 at 1-4.) Petitioner's submission does not satisfy the exhaustion requirement that he must fairly present all of his federal claims to the the California Supreme Court. 28 U.S.C. § 2254(b)(1)(A); <u>Rhines v. Weber</u>, 544 U.S. 269, 273-274 (2005); <u>See</u> 28 U.S.C. § 2254(c); <u>O'Sullivan v. Boerckel</u>, 528 U.S. 838, 845-847 (1999). Therefore, by the Petitioner's own contentions, the record directly refutes the Petitioner's factual allegations that he has exhausted his claims in state court. Pursuant to established law, an evidentiary hearing is not required. <u>Schriro</u> 127 S.Ct. at 1940; <u>Totten</u> 137 F.3d at 1175-1176. Petitioner's request is DENIED.

IT IS SO ORDERED.

DATED: July 1, 2008

Peter C. Lewis
U.S. Magistrate Judge
United States District Court